# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| OSCAR GUILLERMO CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>FREEPORT-McMoRAN INC. and PHELPS DODGE REFINING CORPORATION,<br><br>    Defendants. | Case No. 3:26-cv-00244-DCG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT (REPLEAD PURSUANT TO STANDING ORDER)**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff Oscar Guillermo Chavez files this Complaint pursuant to the Standing Order to Replead in Removal Cases issued by the United States District Court for the Western District of Texas, El Paso Division. This action was originally filed in the 41st Judicial District Court of El Paso County, Texas, Cause No. 2025-DCV-2168, and was removed to this Court pursuant to 28 U.S.C. § 1441. Plaintiff hereby repleads in conformity with Federal Rules of Civil Procedure 8 and 9 against Defendants Freeport-McMoRan Inc. and Phelps Dodge Refining Corporation, and in support thereof respectfully shows the Court the following:

**PRELIMINARY STATEMENT**

This Complaint is filed pursuant to the Standing Order to Replead in Removal Cases issued by the United States District Court for the Western District of Texas, El Paso Division (the "Standing Order"). This action was originally commenced by Plaintiff Oscar Guillermo Chavez in the 41st Judicial District Court of El Paso County, Texas, Cause No. 2025-DCV-2168. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship under 28 U.S.C. § 1332. Pursuant to the Standing Order, Plaintiff hereby

repleads by filing this Complaint that conforms to the requirements of Federal Rules of Civil Procedure 8 and 9. Nothing in this Complaint shall be construed as a waiver of any claims, rights, or arguments asserted in the state court proceedings, and Plaintiff expressly reserves all such rights.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen or subject of a foreign state and citizens of the United States. Plaintiff is a citizen and national of Mexico. Defendant Freeport-McMoRan Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Arizona, and is therefore a citizen of Delaware and Arizona. Defendant Phelps Dodge Refining Corporation is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of Arizona, and is therefore a citizen of New York and Arizona. Complete diversity of citizenship exists between Plaintiff and all Defendants, and no Defendant is a citizen of Mexico.

2. This action was removed to this Court from the 41st Judicial District Court of El Paso County, Texas (Cause No. 2025-DCV-2168) pursuant to 28 U.S.C. § 1441. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because this Court is the district and division embracing the place where the state court action was pending, and independently pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims in this action occurred within the El Paso Division of the Western District of Texas. Specifically, the incident giving rise to Plaintiff's injuries took place at 897 Hawkins Boulevard, El Paso, Texas 79915, which is located within this District and Division.

## II. PARTIES

3. Plaintiff Oscar Guillermo Chavez ("Plaintiff") is an individual who is a citizen and national of Mexico, born in 1980, and resides in Cd. Juárez, Chihuahua, Mexico.

4. Defendant Freeport-McMoRan Inc. ("Freeport") is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona. At all times relevant to this action, Freeport conducted regular and systematic business in the State of Texas and derived substantial revenue from its operations in Texas.

5. Defendant Phelps Dodge Refining Corporation ("Phelps Dodge") is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of Arizona. Phelps Dodge owns and/or operates the premises located at 897 Hawkins Boulevard, El Paso, Texas 79915, where the incident made the basis of this suit occurred. By owning and/or operating property in Texas and conducting business operations at that property giving rise to Plaintiff's claims, Phelps Dodge has purposefully availed itself of the privilege of conducting activities within Texas, establishing minimum contacts with this forum sufficient to support specific personal jurisdiction consistent with the Due Process Clause of the Fourteenth Amendment. See Daimler AG v. Bauman, 571 U.S. 117 (2014).

## III. FACTUAL BACKGROUND

6. On or about May 26, 2023, at approximately 9:30 a.m., Plaintiff was present at Defendants' facility located at 897 Hawkins Boulevard, El Paso, Texas 79915, for the purpose of picking up copper wheels (merchandise) and payment on behalf of his employer, TCF, a Mexican transportation company based in Cd. Juárez.

7. Plaintiff backed his truck and trailer up to the loading dock at Defendants' facility. A forklift operated by Defendants' employees was to be used to load the copper wheels—large copper reels—onto Plaintiff's trailer.

8. When Plaintiff attempted to prepare for loading, the loading dock ramp failed to seat properly on the left-hand side of his trailer. This defective and dangerous condition posed an extreme risk of causing the forklift to fall when moving between the trailer and the loading dock, endangering both Plaintiff and Defendants' employees.

9. Although Defendants' policy required that their own warehouse employees—not truck drivers—perform loading operations and enter trailers, Plaintiff was compelled to intervene due to the hazardous and defective condition of the loading dock ramp. Plaintiff attempted to manually lift the ramp with his left hand to secure it in the proper position.

10.. As Plaintiff attempted to secure the ramp, the ramp suddenly and without warning lifted and then fell hard on Plaintiff's left hand, crushing his left middle and ring fingers and causing severe and permanent injuries.

11. Defendants' security guards were notified of the incident and called the El Paso Fire Department and an ambulance. Emergency responders from the El Paso Fire Department (Unit R20) arrived at the scene, rendered initial aid, and transported Plaintiff by ambulance to University Medical Center ("UMC") in El Paso, Texas.

12. At UMC, Plaintiff was treated in the emergency department and, on that same date, underwent a bedside revision amputation of approximately one-quarter of his left ring finger (nail/distal phalanx), performed by Dr. Shawn Diamond, M.D. Plaintiff sustained a severely

comminuted fracture of the distal fourth phalanx, severe soft tissue injury to his left ring finger, and a crush injury with fracture and deformity of his left middle finger.

13. As a result of his injuries, Plaintiff has been left with permanent physical impairment and disfigurement of his left hand, including an amputated left ring finger, a deformed left middle finger with a distinctive "hook" deformity at the nail, and significantly diminished grip strength. Plaintiff has lost the ability to fold his fingers normally.

14. Prior to the injury, Plaintiff worked as a truck driver for TCF, relying on his left hand to hold the steering wheel while using his right hand to change gears. After the injury, Plaintiff was unable to continue his work as a truck driver for at least three months and was required to seek alternative employment, resulting in a significant loss of earning capacity.

## IV. CAUSES OF ACTION

**Count I – Negligence**

(Against All Defendants)

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

16. At all relevant times, Defendants owed Plaintiff a duty of reasonable care as an invitee and business visitor lawfully present on Defendants' premises for commercial purposes.

17. Defendants breached their duty of reasonable care to Plaintiff by, among other things, committing the following acts and omissions, each of which was a proximate cause of the incident and Plaintiff's resulting injuries:

a. Failing to exercise reasonable care in providing a safe work environment for invitees and others on the premises;

b. Negligently operating and maintaining the loading dock area;

c. Negligently operating the forklift in the vicinity of a defective loading dock ramp;

d. Failing to provide employees with tools and equipment necessary for the safe performance of their work;

e. Failing to inspect the loading dock ramp to ensure it was in safe working condition;

f. Failing to maintain the loading dock ramp in safe working condition;

g. Failing to repair the loading dock ramp despite its defective condition;

h. Failing to provide a safe premises for invitees and business visitors;

i. Failing to warn Plaintiff and others of the dangerous and defective condition of the loading dock ramp;

j. Failing to correct the dangerous and defective condition of the loading dock ramp;

k. Failing to implement adequate safety protocols for loading dock operations;

l. Failing to adequately train employees regarding loading dock safety;

m. Failing to adequately supervise employees performing loading operations;

n. Failing to properly secure the loading dock ramp; and

o. Such other acts and omissions of negligence as may be shown through the course of discovery and at trial.

18. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe, painful, and disabling injuries, damages, and losses as set forth herein.

**Respondeat Superior**

19. Defendants are liable for the negligent acts and omissions of their employees and agents described herein under the doctrine of respondeat superior, as such employees and agents were acting within the course and scope of their employment or agency relationship with Defendants at all relevant times.

**Count II – Gross Negligence / Exemplary Damages**

(Against All Defendants)

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendants' conduct constituted gross negligence. The defective condition of the loading dock ramp at Defendants' facility was not a sudden or isolated malfunction. The ramp's failure to seat properly on Plaintiff's trailer — a condition that rendered the ramp dangerous for forklift use — was observable and present at the time of the incident. Defendants' employees and agents were present at the loading dock area immediately before and during the incident. Defendants, through their employees and agents with supervisory and maintenance responsibilities, had actual, subjective awareness of the risk that a defective or improperly seated dock ramp posed to invitees and workers at the facility, including the risk of serious crush injuries. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff, by: (a) allowing the defective ramp to remain in service without repair, replacement, or effective warning; (b) failing to implement or enforce any meaningful safety

protocol to ensure the ramp was safely secured before forklift operations commenced; and (c) permitting loading operations to continue using equipment they knew or had reason to know was in a defective and hazardous condition.

22. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. A defective dock ramp creates a foreseeable risk of catastrophic injury — including crush injuries, amputations, and death — to the workers and invitees who interact with it. Defendants were subjectively aware of this risk and nonetheless proceeded with conscious indifference to it.

23. As a result of Defendants' gross negligence, Plaintiff is entitled to recover exemplary damages from Defendants pursuant to applicable law, including Texas Civil Practice and Remedies Code § 41.003(a)(3), which provides for exemplary damages where harm results from gross negligence proved by clear and convincing evidence.

## V. DAMAGES

24. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff has suffered and continues to suffer the following damages:

   a. Physical pain and suffering, past and future;

   b. Mental anguish, past and future;

   c. Physical impairment, past and future;

   d. Disfigurement, past and future;

   e. Loss of earning capacity, past and future;

 f. Medical care expenses, past and future, reasonably and necessarily incurred in treating the injuries sustained in the incident; and

 g. Exemplary damages as permitted by applicable law.

25. Plaintiff's damages exceed $75,000, exclusive of interest and costs. Plaintiff seeks monetary relief in excess of $1,000,000, which is within the jurisdictional limits of this Court.

## VI. JURY DEMAND

26. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Oscar Guillermo Chavez respectfully requests that this Court enter judgment against Defendants Freeport-McMoRan Inc. and Phelps Dodge Refining Corporation, jointly and severally, for:

 A. All actual damages described herein, in an amount to be determined by the jury;

 B. Exemplary damages in an amount to be determined by the jury;

 C. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

 D. Costs of court; and

 E. Such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**DAVIE & VALDEZ P.C.**
1801 N. Stanton
El Paso, Texas 79902
(915) 838-1100

By: *John P. Valdez*

**JOHN P. VALDEZ**
State Bar No. 24047021
john@davievaldez.com

### CERTIFICATE OF SERVICE

I, John P. Valdez, do hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via e-service on this 15th day of March 2026.

*John P. Valdez*

**JOHN P. VALDEZ**